IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN D. RUSSELL,**  Petitioner,  v.  **JOHN LAKIN,**  Respondent. | Case No. 21-CV-379-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

*Pro se* Petitioner Steven D. Russell ("Russell"), a pretrial detainee being held in the Madison County Jail, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Russell is being detained on state criminal charges related to residential burglary and use of forged credit/debit card in violation of 720 ILCS 5/19-3(a) and 720 ILCS 5/17-36 respectively in case number 2018CF1178 and on two counts of burglary in violation of 720 ILCS 5/19-1(a) in Case 2018CF2042.[1] He is requesting immediate release from custody and to bar the state of Illinois from re-filing criminal charges against him. (Doc. 1, p. 8).

According to the Madison County Circuit Court, Russell was charged in 2018CF1178 on April 30, 2018. He filed a Motion to Proceed *Pro Se* on June 1, 2018 and followed-up with other motions and correspondence to the court, which were

---

[1] All information on this matter was obtained from the Madison County Circuit Clerk website: https://www.co.madison.il.us/departments/circuit_clerk/court_records_search.php

1

followed by the Motion to Withdraw as Counsel filed by the Public Defender. On July 16, 2018, Russell was charged in 2018CF2042. The matters were joined and then there was a cycle wherein Russell had counsel, requested *pro se* status, requested stand-by counsel and so on. The state's attorney gave notice of the intent to seek Class X sentencing due to Russell's criminal history. A bond reduction hearing was denied on July 20, 2018; a bond reduction was granted to $50,000 on March 1, 2019; a bond reduction hearing was denied on May 4, 2020; a bond reduction hearing was denied on December 10, 2020. Most recently, Russell was permitted to proceed *pro se* at a hearing on March 11, 2021.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Additionally, federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws if the defendant has the opportunity to raise any possible federal claim in state court and no exceptional circumstances exist. *Olsson v. Curran*, 328 F. App'x. 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). With respect to state pretrial detainees, federal habeas corpus relief is available on these kinds of claims "only after the petitioner has exhausted his state court remedies." *Olsson*, 328 F. App'x. at 335.

Russell is a pretrial detainee facing state criminal charges. His complaints regarding his detainment, the charging decisions and his bond amount are all challengeable within the state court's trial, appeal and post-conviction relief schemes. As such, federal intervention is not warranted; the appropriate place for Russell to raise any issues regarding his ongoing criminal proceeding is in the Madison County Circuit Court.

## DISPOSITION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** with prejudice. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir.2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case. All pending motions are terminated as moot.

**IT IS SO ORDERED.**

**DATED: April 14, 2021**

<u>s/ Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**United States District Judge**